# IN THE COURT OF APPEALS OF IOWA

No. 25-0605
Filed July 22, 2026

**Joshua Michael Corwin,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Muscatine County,
The Honorable Joel W. Barrows, Judge.

**AFFIRMED**

Pamela Wingert of Wingert Law Office, Spirit Lake, attorney for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Joshua Michael Corwin appeals the denial of his application for postconviction relief (PCR) after a jury convicted him of first-degree sexual abuse, willful injury, and second-degree theft. He contends he was denied his right to effective trial counsel. Because Corwin did not show his trial counsel breached any essential duties in representing him, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

The State charged Corwin with first-degree sexual abuse, willful injury, and second-degree theft in 2013. After his first trial ended with a mistrial, Corwin was retried and a jury found him guilty on all three counts. The court sentenced Corwin to life in prison without the possibility of parole on the sexual-abuse conviction, ten years in prison on the willful-injury conviction, and five years in prison on the theft conviction.

Corwin complained about his trial counsel's representation throughout the proceedings and appealed his convictions, alleging that he was denied his constitutional right to effective assistance of counsel. This court affirmed Corwin's convictions after finding sufficient evidence supported them. *State v. Corwin*, No. 14-1707, 2015 WL 9450673, at *5 (Iowa Ct. App. Dec. 23, 2015). Because the record was inadequate to resolve Corwin's claims of ineffective assistance, we preserved them for a PCR proceeding. *Id.*

In 2016, Corwin applied for PCR. By the time the PCR hearing was held in April 2025, Corwin alleged nine claims of ineffective assistance of counsel. The court denied the application after finding that Corwin did not prove counsel was ineffective. Corwin appeals.

## SCOPE AND STANDARD OF REVIEW

We review denials of PCR for correction of errors at law. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). We review constitutional claims, like claim of ineffective assistance of counsel, de novo. *See id.* Although we are not bound by the PCR court's determination, we give weight to its findings concerning witness credibility. *Id.*

## DISCUSSION

Corwin contends the PCR court erred by denying his PCR application because his trial counsel was ineffective. He claims that his trial counsel was ineffective by (1) failing to call witnesses, (2) losing or destroying evidence, (3) failing to disqualify the trial judge, and (4) failing to withdraw based on a breakdown of the attorney-client relationship. He also contends that he was prejudiced by the cumulative effect of these errors.

The district court denied Corwin's PCR application because it found that Corwin did not show counsel failed to perform an essential duty or a reasonable probability that the outcome of the proceeding would have been differently had counsel performed competently. *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020). We agree. Corwin's complaints about not calling witnesses for his defense fall under the category of reasonable trial strategy that we will not second guess. *See Smith v. State*, 7 N.W.3d 723, 733 (Iowa 2024). His claim about missing evidence is not substantiated by the record, and there is no reasonable likelihood it would have changed the result of trial if it had been presented. Likewise, we find no merit to Corwin's claims that the trial judge was biased or prejudiced against him during the proceedings or that counsel should have sought to withdraw his representation.

Corwin has not shown that counsel breached any duties in any of the ways alleged on appeal. Because the evidence does not show counsel breached a duty, we cannot find prejudice based on the cumulative impact of these nonbreaches. *Id.* We therefore affirm the denial of his PCR application.

**AFFIRMED.**

Tabor, C.J., concurs; Sandy, J., specially concurs.

**SANDY, Judge** (specially concurs).

I concur in the judgment affirming the denial of Corwin's application for postconviction relief. I write separately because I would affirm on a narrower ground.

The majority holds that Corwin failed to show his trial counsel breached any essential duty and that there can be no prejudice from a series of non-breaches. *See Smith v. State*, 7 N.W.3d 723, 733 (Iowa 2024). I do not join that reasoning. To resolve each of Corwin's nine claims at the breach prong, the majority must characterize counsel's decisions as reasonable trial strategy on a record developed over a decade after the second 2014 trial. The time lapse between trial and postconviction hearing were so great that trial counsel was deceased by the time the 2025 postconviction hearing occurred. Thus, trial counsel had no opportunity to testify to the reasons for the choices Corwin now challenges. I would not decide, for instance, that the failure to call Barbara Sywassink to establish Corwin's tenancy, or the failure to secure the cell phone evidence his mother turned over, reflected considered strategy rather than oversight. On this record we cannot say. And we need not say.

A claim of ineffective assistance fails if the applicant does not establish either prong, and a court may dispose of the claim on the prejudice prong alone without deciding whether counsel breached a duty. *Strickland v. Washington*, 466 U.S. 668, 697 (1984); *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). That is the surer ground here. Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"—"a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

5

Corwin does not meet that standard, and I would assume without deciding that counsel erred in each respect alleged. The uncalled witnesses went to the complainant's credibility and to whether Corwin had a right to be at the residence; they did not bear on the physical evidence of injury underlying the sexual-abuse and willful-injury convictions. The cell phone messages, taken at their strongest, showed contact and affection before the incident, but consent was contested on the night of the events at issue, not on the state of the relationship in the preceding days. The judicial-bias and breakdown-of-relationship claims, whatever their merit at the breach prong, identify no ruling or excluded evidence that a differently situated trial court or substitute counsel would probably have changed. And because no single alleged error carries a reasonable probability of a different verdict, their cumulative effect does not either. *See State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012).

Resolving the appeal on prejudice avoids passing judgment on the competence of counsel who was never provided the opportunity to explain himself, and it disposes of every claim on a ground the record supports. I would affirm on that basis, and I concur in the judgment.

I add one observation. This application was filed in 2016 but not tried until 2025. A nine-year interval between the filing of a postconviction-relief application and its hearing serves neither the applicant nor the State, and it does little for the reliability of the fact-finding on which claims like these must be resolved.